JOHN SMALLEY, Appellee, v. N. FULLERTON *et al.*, Appellees; FAHNLEY & McCRAY, Intervenors, Appellants.

Evidence Improperly Excluded: ERROR CURED: FINDING UPON CONFLICTING EVIDENCE NOT DISTURBED.

*Appeal from Des Moines District Court.*—HON. J. M. CASEY, Judge.

MONDAY, MAY 22, 1893.

THE plaintiff brings this action upon the official bond of the defendant Fullerton as sheriff. He asks to recover of him as principal, and of the defendants J. N. Martin and J. W. Gilbert as his sureties, damages alleged to have been sustained by reason of the wrongful taking and keeping of a certain stock of millinery goods. The plaintiff claims said goods by virtue of a chattel mortgage executed to him by Miss Annie E. Bennett and George W. Bennett on the first day of January, 1889, to secure their two promissory notes for four hundred dollars each. He alleges that the defendant sheriff wrongfully took said property under an attachment sued out by the intervenors against the property of Annie E. Bennett. The defendants

answered, admitting the execution of the bond, the taking and detention of the property, and denying every other allegation. The intervenors allege that the plaintiff failed to file said mortgage for record until December 12, 1889; "nor did he at any time notify intervenors that he held a mortgage on said stock of goods, but falsely, and for the fraudulent purpose of benefiting himself, represented to them that he had been paid in full for said goods, and that said Annie E. Bennett was a person to whom goods could be sold with safety, and that she was worthy to be trusted." They further allege "that the plaintiff withheld his mortgage from record for the purpose of falsely and fraudulently benefiting himself and aiding the said Annie E. Bennett in securing credit in her said business, and thereby increasing the value of her stock, so that he could thereafter file his said mortgage and claim said goods as well as the goods bought and added thereto." They allege that, between the execution and recording of said mortgage, they sold goods on credit to Annie E. Bennett to about the sum of seven hundred dollars, and that, had they known of the existence of said mortgage, they would not have extended credit to the said Annie E. Bennett. They ask that their lien under their attachment be held prior to said mortgage.

The plaintiff answered said petition of intervention, denying every allegation thereof. The cause was submitted to the court, and judgment rendered in favor of the plaintiff for the full amount of the mortgage. The defendants and the intervenors appeal.—*Affirmed.*

*W. W. Dodge, A. H. Stutsman* and *Thos. Hedge,* for appellants.

*P. Henry Smyth* and *Power & Huston,* for appellee.

GIVEN, J.—I. The following statement of facts and issues will be sufficient for a correct understanding of the questions presented on this appeal:

In February, 1888, the plaintiff sold a stock of millinery goods, valued at about three thousand dollars, to Miss A. E. Bennett, receiving certain real estate in part payment, valued at one thousand dollars, and twenty-three or twenty-four promissory notes in equal amounts, one falling due each month, for the balance, which mortgage was never recorded. The goods were delivered to Miss Bennett, and removed to a store, where she kept them for sale. On January 1, 1889, these notes were surrendered, and plaintiff received in part payment another piece of real estate, and for the balance the two notes of A. E. and George M. Bennett for four hundred dollars each, secured by a mortgage on the goods then kept in Miss Bennett's store, "including all goods of every kind and description now kept or hereafter to be kept or added to said stock of goods at said place." This mortgage was not filed for record until December 12, 1889. Between January 1 and December 12, 1889, the intervenors sold goods on credit to Miss A. E. Bennett to the amount of about one thousand, six hundred dollars, which goods were added to said stock. It is for this indebtedness that the intervenors sued out the

attachment under which the goods were seized after the mortgage was filed for record.

The foregoing facts are unquestioned. The only facts in dispute are why the plaintiff withheld his mortgages from the record, and whether the intervenors had notice of said mortgages, or either of them, at the time they extended the credit.

II. The appellant's first complaint is as to certain specific rulings in the taking of testimony, and generally that they were improperly restricted in their cross-examination of the plaintiff. We are inclined to think, upon reading, that a greater liberality might have been allowed in the cross-examination, and that two or three of the plaintiff's objections made upon his cross-examination might have been properly overruled. We find, however, that upon recall the evidence was fully elicited upon all the points to which objections had been sustained. Our examination of all the evidence leads us to the conclusion that there was no prejudice in these rulings, because of the matters having been subsequently fully inquired about.

III. The appellant's remaining contention is, that the court erred in finding for the plaintiff. They insist that under the undisputed facts it was a fraud upon the intervenors for the plaintiff to withhold his mortgage from record, even though it was through oversight. This being a law action tried to the court, the findings of the court have the same force as a verdict of a jury. If, as the plaintiff claims, the intervenors had notice of the existence of his mortgage before they gave credit to Miss Bennett, the mortgage is as valid against them as if it had been then filed for record. There is a direct conflict in the evidence as to whether the intervenors had such notice, but there is certainly evidence upon which the court could have so found, and such a finding would fully support the judgment. As the case is before us for review upon errors assigned, and not for a trial *de novo*, and as there is evidence to sustain the conclusion reached by the district court, its judgment must be AFFIRMED.